IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLUE WILKINS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-2244 |
| | : | |
| JEFFREY HASTE, | : | (Judge Brann) |
| | : | |
| Defendant | : | |

**MEMORANDUM**

August 1, 2016

**Background**

Glue Wilkins, an inmate presently confined at the Fayette State Correctional Institution, LaBelle, Pennsylvania (SCI-Fayette) filed this pro se civil rights action in the Court of Common Pleas of Dauphin County, Pennsylvania. Named as sole Defendant is Dauphin County Commissioner Jeffrey Haste who is described as being Chairman of the Dauphin County Prison Board. Counsel for the Defendant subsequently filed a notice of removal of Wilkins' action to this Court pursuant to 28 U.S.C. § 1443. See Doc. 1, ¶ 19.

According to the sparsely worded Complaint, Wilkins was placed in the "custody" of the Dauphin County Prison on the morning January 28, 2015. Doc.

1

1-1, p. 2.  Plaintiff asserts that he was initially held at the Dauphin County Judicial Center.  His Complaint claims that he was denied food for that entire day despite the fact that he is a diabetic.[1]  Plaintiff seeks compensatory and punitive damages as well as declaratory relief.

The Defendant has filed a motion to dismiss the complaint for failure to state a claim  See  Doc. 2.  Defendant claims entitlement to entry of dismissal on the grounds that: (1) Plaintiff did not properly serve the Complaint; (2) there are no allegations of personal invlvement raised against Supervisor Haste; (3) a viable deliberate indifference claim has not been stated; and (4) the Defendant is entitled to qualified immunity.

Plaintiff has not opposed the arguments for dismissal, rather, he has submitted two documents indicating that he no longer wishes to pursue this matter.  See Docs. 7 & 8.

**Discussion**

Specifically, Plaintiff's initial filing (Doc. 7) indicates that as part of a plea agreement he entered in Pennsylvania state court, he agreed to withdraw this

---

[1] Plaintiff indicates that he notified prison officials of his diabetic condition during a medical intake assessment conducted at 3: 00 p.m. at the Judicial Center.  It is unclear as to what time Plaintiff was actually transported to the prison.

action. Wilkins' second submission (Doc. 8) similarly asserts that he attempted to voluntarily dismiss this action through his stand-by criminal defense counsel while it was pending in the Court of Common Pleas of Dauphin County.

A reply brief by the Defendant concurs that Wilkins' filings indicate that he wishes to voluntarily dismiss this action and/or does not oppose dismissal. See Doc. 9. Defendant also asserts that he provided Plaintiff with a notice of voluntary dismissal to sign and file with this Court. See id. at p. 1, n. 1. However, a review of the docket shows that no formal notice of voluntary dismissal has been filed with this Court.

Federal Rule of Civil Procedure 41(a)(1)(A)((i) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Dismissal under this provision is without prejudice.

The Defendant has filed neither an answer nor a summary judgment motion. In addition, since Defendant provided Plaintiff with a notice of voluntary dismissal, it appears that the Defendant is not opposed to voluntary dismissal.. Based upon a review of the only two filings made by Plaintiff with this Court, it is appropriate to construe those pro se submissions as seeking voluntary dismissal pursuant to Rule 41(a)(1).

The Court will accept Wilkins' pro se requests to withdraw and his complaint will be dismissed without prejudice to Plaintiff's renewal of his claims.[2] Plaintiff is forewarned that renewal of his claims is subject to the applicable statute of limitations.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985).

BY THE COURT:

s/   Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[2]   In light of Plaintiff's failure to file the  formal notice of voluntary dismissal provided to him by the Defendant, if it is not Plaintiff's intention to voluntarily dismiss this action he may file a written notice to that effect with the Court within fourteen (14) days of the date of this Memorandum.  Upon the Court's receipt of such a filing, this matter will be reopened and Defendant's motion to dismiss will be reinstated.